**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

                                        Criminal No. 19-211 (JRT/BRT)

                    Plaintiff,

v.                                      **MEMORANDUM OPINION AND ORDER**
                                        **MAKING PRIVILEGE DETERMINATION**
BUSTER TRAVOIRE ROOSEVELT GASTON        **AND DENYING MOTION FOR**
and TERESA MARIE LINDSKOG               **CONTINUANCE**

                    Defendants,

Allen A. Slaughter, Jr. and Lauren Olivia Roso, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Rory Patrick Durkin, **GIANCOLA-DURKIN PA**, 403 Jackson Street, Suite 305, Anoka, MN 55303, for defendant Buster Travoire Roosevelt Gaston.

Catherine L. Turner, **CATHERINE TURNER LAW**, P.O. Box 19607, Minneapolis, MN 55419, for defendant Teresa Marie Lindskog.

On August 13, 2019, Defendants Buster Travoire Roosevelt Gaston and Teresa Marie Lindskog were indicted on one count of conspiracy to distribute methamphetamine, heroin, cocaine, and marijuana, and one count of possession with intent to distribute methamphetamine, heroin, cocaine, and marijuana.

The United States has requested that the Court make a judicial determination as to the privilege status of an exhibit disclosed by Gaston but alleged to contain privileged

communications between Lindskog and her attorney.  Because the Court finds that
Lindskog waived her attorney-client privilege by voluntarily disclosing the exhibit to
Gaston, with whom she did not share a common interest, the Court will allow the exhibit
to be admitted.  However, because the Court finds that much of the recording is otherwise
protected as attorney opinion work product, the Court will order the parties to confer as
to the appropriate portions of the recording to be admitted.

Gaston has also filed a motion for a continuance of the trial schedule because the
Second Superseding Indictment includes a third count for corruptly attempting to
obstruct an official proceeding.  Because the Court finds that Gaston has not shown a
compelling reason for a continuance, the Court will deny Gaston's motion.

## BACKGROUND

The Court has detailed the circumstances leading up to Gaston and Lindskog's
arrest and indictment in its order of April 5, 2021, *United States v. Gaston*, No. 19-211,
2021 WL 1263453, at *1 (D. Minn. Apr. 5, 2021).  In brief, Gaston and Lindskog were
indicted for possession with intent to distribute and conspiring to distribute
methamphetamine, PCP, cocaine, heroin, and marijuana in violation of 21 U.S.C. §§
841(a)(1), 841(b)(1)(A), 846, and 18 U.S.C. § 2.  *Id.* at *3.

Lindskog pleaded guilty to Count 1 on March 2, 2020.  (Plea Agreement, Mar. 2,
2020, Docket No. 72.)  Gaston participated in plea negotiations with the United States,
but in July 2020, Gaston formally withdrew his request for a change of plea and elected

to proceed to trial.  (*See* Not. Change Plea, July 30, 2020, Docket No. 122; Case Status Ltr., July 29, 2020, Docket No. 121.)

In August 2020, Gaston's counsel, Rory Durkin, disclosed a recording to the United States along with correspondence indicating that the recording was "created by Ms. Lindeskog [sic] of a conversation between her and her attorney."  (Mot. Jud. Determ., Ex. 1, Mar. 11, 2021, Docket No. 169-1; Mot. Jud. Determ., Ex. 3 ("Exhibit 3"), Mar. 11, 2021, Docket No. 169-3.)  The United States arranged for separate taint/privilege counsel to review the recording, and contemporaneously provided a copy to Lindskog's defense counsel, Catherine Turner.  (Mem. Supp. Mot. Jud. Determ. at 3, Mar. 11, 2021, Docket No. 169.)  Turner replied, stating that the recording was privileged under the common interest doctrine and asked that all copies of the recording be destroyed.  (Mot. Jud. Determ., Ex. 2, March 11, 2021, Docket No. 169-2.)  The United States then filed a motion, asking the Court to make a judicial determination as to the privilege status of the recording and to seal Exhibit 3 pending that determination.  (Mot. Jud. Determ., Mar. 11, 2021, Docket No. 168.)  The Court granted the request to seal.  (Order to Seal, Mar. 11, 2021, Docket No. 171.)

On March 25, 2021, the United States returned a Second Superseding Indictment charging Gaston with a third count for corruptly attempting to obstruct an official proceeding in violation of 18 U.S.C. § 1512(c)(2). (2nd Superseding Indictment at 2–3, Mar. 25, 2021, Docket No. 173.)  Gaston then filed a motion for a continuance, arguing that

additional discovery, an evidentiary hearing, and a briefing schedule were required to defend against the new charge.  (Mot. Continuance, Apr. 1, 2021, Docket No. 181.)  The United States opposes this motion.  (Mem. Opp. Mot. Continuance, Apr. 2, 2021, Docket No. 182.)

## DISCUSSION

### I.  PRIVILEGE DETERMINATION

#### A.  Standard of Review

Generally, when a client intentionally discloses privileged communications to a third party, attorney-client privilege is waived.  *In re Grand Jury Proceedings*, 791 F.2d 663, 665 (8th Cir. 1986).  Lindskog argues that the recording is privileged because it falls under the common interest doctrine, which "softens the ordinary requirement that lawyer-client communications must be made in confidence in order to be protected by the privilege."  *In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 922 (8th Cir. 1997).  The common-interest doctrine arises:

> If two or more clients with a common interest in a litigated or non-litigated matter are represented by separate lawyers and they agree to exchange information concerning the matter, a communication of any such client that otherwise qualifies as privileged . . . that relates to the matter is privileged as against third persons.  Any such client may invoke the privilege, unless it has been waived by the client who made the communication.

*Id.* (quoting Restatement (Third) of the Law Governing Lawyers § 126(1)).  The common interest doctrine permits disclosure without waiver so long as the party claiming

the exception demonstrates that the parties communicating: "(1) have a common legal, rather than commercial, interest; and (2) the disclosures are made in the course of formulating a common legal strategy." *Shukh v. Seagate Tech., LLC*, 872 F. Supp. 2d 851, 855 (D. Minn. 2012) (quoting *Merck Eprova AG v. ProThera, Inc.*, 670 F. Supp. 2d 201, 211 n.4 (S.D.N.Y. 2009)).

### B. Analysis

Lindskog surreptitiously recorded her own attorney, without her attorney's knowledge or consent, and provided the recording to Gaston. The common interest doctrine is generally understood to apply to communications that include attorneys in the formulation of a common strategy, and not disclosures made without an attorney's knowledge, consent, or strategic involvement. *See* Proposed Fed. R. Evid. 503(b), 56 F.R.D. 183, 236 (1972) ("A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client. . . by him or his lawyer **to a lawyer** representing another in a matter of common interest.") (emphasis added).[1] It is therefore difficult to interpret this disclosure as part of a common legal strategy,

---

[1] Although Proposed Federal Rule of Evidence 503 (also known as Supreme Court Standard 503) was never adopted by Congress, it is frequently cited as a guiding framework for interpreting the attorney-client privilege and the common interest doctrine. *See, e.g.*, *United States v. BDO Seidman, LLP*, 492 F.3d 806, 815 (7th Cir. 2007); *In re Grand Jury Investigation*, 399 F.3d 527, 532 (2nd Cir. 2005); *In re Grand Jury Subpoena Duces Tecum*, 112 F.3d at 915–16, 922.

when Lindskog's own attorney was unaware of the disclosure or the coordination allegedly occurring between Lindskog and Gaston at the time.

Further, Lindskog argues that the recording was disclosed to Gaston so that he could impeach Lindskog if she strayed from his alleged manufactured narrative, a narrative that Lindskog alleges was fraudulently designed to insulate Gaston from legal liability and shift the blame to Lindskog.  The Court does not find common interest here.[2]

However, the majority of the recording contains Lindskog's counsel's opinion work product, including her "mental impressions, conclusions, opinions or legal theories." *Baker v. General Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000).  Opinion work product enjoys greater protections than ordinary attorney work product, and the privilege belongs to the attorney as well as the client.  *See In re Green Grand Jury Proceedings*, 492 F.3d 976, 980–81 (8th Cir. 2007).  Accordingly, the Court will direct the parties to confer as to portions of the recording that can be admitted into evidence, and to exclude any portion that qualifies as Turner's protected opinion work product.

---

[2] To the extent that Lindskog sought Turner's advice in service of Gaston's allegedly fraudulent scheme, the conversation would be further excluded from attorney-client privilege under the crime-fraud exception. *See United States v. Zolin*, 491 U.S. 554, 563 (1989) ("It is the purpose of the crime-fraud exception to the attorney-client privilege to assure that the seal of secrecy . . . between lawyer and client does not extend to communications made for the purpose of getting advice for the commission of a fraud or crime." (quotation omitted)); *In re Green Grand Jury Proceedings*, 492 F.3d 976, 979 (8th Cir. 2007) ("[U]nder the crime-fraud exception, attorney-client communications lose their privileged character when the lawyer is consulted not with respect to past wrongdoings but rather to further a continuing or contemplated criminal fraud or scheme." (quotation omitted)).  However, this privilege exception does not implicate attorney opinion work product, which enjoys protection even in circumstances of fraud if the attorney was not complicit in their client's wrongdoing.  *Id.*at 981.

In sum, the Court finds that Lindskog waived the privilege when she recorded a private conversation between herself and her attorney and disclosed this conversation to Gaston, and that this disclosure does not fall within the exception of the common interest doctrine.   However, because most of the recording includes attorney opinion work product, Exhibit 3 will remain sealed until the parties have determined which portions of the recording can properly be admitted into evidence.  The Court will resolve any disputes that may arise between the parties as to which portions may be admitted.

## II.  MOTION FOR CONTINUANCE

### A.  Standard of Review

District courts have broad discretion to deny requests for continuances.  *United States v. Hyles*, 479 F.3d 958, 967 (8th Cir. 2007).  Continuances are not favored generally and should be granted only when the moving party has shown a compelling reason.  *Id.*.

### B.  Analysis

Gaston requests a continuance of at least 90 days, arguing that the charge for attempting to obstruct an official proceeding requires additional discovery, an evidentiary hearing, and a briefing schedule.  The United States opposes this motion, arguing that Gaston had ample notice of the Second Superseding Indictment and obstruction charge, discovery materials have been produced and are not substantial enough to warrant

additional time, and no additional pretrial discovery or motion practice is necessary for the obstruction charge.

The Court finds that Gaston has not shown a compelling reason to continue the proceedings. Count 3 is predicated upon Gaston's own alleged conduct during his pretrial supervised release, and the United States has attested that discovery materials, which have already been produced, largely involve Gaston's own communications. Further, this trial was originally scheduled for November 2019, (Minute Entry, Sept. 27, 2019, Docket No. 13), and has already been postponed multiple times, (*see* Sched. Order, July 31, 2020, Docket No. 123; Order Granting Mot. Continuance, Aug. 27, 2020, Docket No. 130). The Second Superseding Indictment was returned six weeks before the trial is scheduled to begin, providing Gaston ample time to prepare to defend the additional charge. The Court finds that Gaston will not be prejudiced by maintaining the existing trial schedule and that no further delay is warranted. Accordingly, the Court will deny the Motion.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Judicial Determination and to Seal [Docket No. 168] is

   **GRANTED** as follows:

a. The parties are to confer to determine which portions of Exhibit 3 [Docket No. 169-3] are either not relevant to the proceedings or are otherwise protected as attorney opinion work product and should be excluded;

b. The parties are to report to the Court within 10 days of this order which portions of Exhibit 3 should be admitted into evidence, and which portions should be excluded;

c. Exhibit 3 shall remain sealed until further order of the Court; and

2. Gaston's Motion for a Continuance [Docket No. 181] is **DENIED**.

DATED:  April 8, 2021
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court